639 A.2d 935

Gary FOSTER, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (RITTER BROTHERS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 24, 1993.

Decided March 17, 1994.

H. Michael Cohen, for petitioner.

Marshall A. Haislup, III, for respondent.

Before COLINS, and PELLEGRINI, JJ., and KELTON, Senior Judge.

COLINS, Judge.

Gary Foster (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), which reversed the decision of the referee granting claimant's claim petition (petition) for an alleged work-related injury. We affirm.

On September 6, 1989, Ritter Brothers, Inc. (employer), employed claimant as a journeyman carpenter [1] at a work site at the Berkshire Mall (mall) in Reading, Pennsylvania, with an average weekly wage of $622.63. Employer is engaged in the construction business with its home office located in Harrisburg, Pennsylvania. Two days subsequent to commencing his employment with employer, on September 8, 1989, after completing his daily work at the mall, and upon leaving the mall parking lot where claimant and his fellow employees parked their vehicles, claimant's motorcycle was struck by an automobile. As a result, claimant suffered multiple fractures and lacerations.

On April 2, 1990, claimant filed his petition, whereupon, on April 30, 1990, employer filed an answer. At the hearings before the referee, claimant testified on his own behalf that he

---

1. The term "journeyman carpenter" merely signifies one with an advanced level of carpentry skills.

was not required to report for work to employer's home office in Harrisburg. He reported directly to various job sites as assigned by employer. Claimant also testified that he carried his own work tools to and from the work site and was not paid for expenses related to traveling to and from the work site. Additionally, claimant's treating orthopedic surgeon, Dr. Bocher, testified that as a result of his work-related injuries, claimant was hospitalized from September 8, 1989 through September 21, 1989. Upon discharge from the hospital, claimant was restricted to a wheelchair through November 9, 1989, after which time he was on crutches until April 3, 1990. Subsequently, on March 18, 1992, the referee granted claimant's petition for total disability at a rate of $339.00 per week from September 9, 1989 through April 3, 1990. The referee further awarded compensation for partial disability at two-thirds of the difference between claimant's average weekly wage of $622.63 and his earnings beginning April 4, 1990 and continuing into the future.

In the March 18, 1992 decision, the referee made the following relevant findings of fact and conclusions of law:

## FINDINGS OF FACT

3. Claimant testified on his own behalf that he was not required to report for work to [employer's] home office in Harrisburg but reported directly to various job sites as assigned by [employer].
4. Claimant carried his own work tools to and from the work site and was not paid for time spent in travel or for travel expenses to and from the work site.

. . . .

8. The Referee finds that claimant had no fixed place of work with [employer] and that on September 8, 1989 claimant suffered an injury while in the course of employment with [employer].

## CONCLUSIONS OF LAW

2. Claimant has met his burden to establish that he suffered a work-related injury on September 8, 1989 and was

temporarily totally disabled from September 9, 1989 to and including April 3, 1990.

3.  Claimant had no fixed place of work when he was injured on September 8, 1989.

Employer appealed the referee's determination to the Board.  In its decision, the Board specifically reviewed both the referee's Finding of Fact No. 3 and the claimant's testimony that he was to report to the same job site everyday for an indefinite period until employer's work at the mall was completed.  Thereafter, on June 29, 1993, the Board determined that the referee's finding that claimant was a traveling employee with no fixed place of employment was not supported by substantial evidence and, therefore, reversed the referee's grant of claimant's petition.  The instant appeal followed.

Claimant argues that in accordance with Section 301(c)(1) of the Workers' Compensation Act (Act),[2] his injuries occurred while in the scope and course of his employment.  Specifically, claimant argues that because he had no fixed place of employment, pursuant to *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 597 A.2d 1116 (1991), he qualifies for an exception to the general rule that injuries sustained by an employee while traveling to and from work are not compensable.  In addition, claimant argues that his injuries did, in fact, occur upon premises both occupied by employer and on which employer's business affairs were being conducted.  Hence, the referee was correct in granting his petition.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), provides:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto ... and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

Employer argues that claimant was not in the scope and course of his employment, because the mall parking lot was not an area either occupied by employer or on which employer's business affairs were being conducted. Moreover, claimant did have a fixed place of work, the job site located within the mall.

■ Generally, the issue presented on appeal is whether claimant sustained his injury while in the scope and course of his employment with employer. Specifically, the issue is whether claimant had a fixed place of work. This Court's scope of review of a decision of the Board is limited to "whether constitutional rights were violated, whether an error of law was committed and whether the necessary findings are supported by substantial evidence." *Bugay v. Workmen's Compensation Appeal Board (Mellon Bank, N.A.)*, 156 Pa.Commonwealth Ct. 565, 569, 628 A.2d 519, 521 (1993). "Whether an employee was acting within the course and scope of his or her employment is a question of law to be determined on the basis of the referee's findings of fact and is reviewable by this Court." *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board (Zafran)*, 154 Pa.Commonwealth Ct. 276, 280–81, 623 A.2d 887, 889 (1993).

With respect to Section 301(c)(1) of the Act, 77 P.S. § 411(1), this Court has stated the following:

[T]he general rule [is] that injuries sustained by an employee while traveling to and from work are not considered to have occurred while in the scope and course of employment. Setley v. Workmen's Compensation Appeal Board, 69 Pa.Commonwealth Ct. 241, 451 A.2d 10 (1982).[3]

[3]The four exceptions to the general 'coming and going' rule are as follows:

(1) Claimant's employment contract includes transportation to and from work;

(2) Claimant has no fixed place of work;

(3) Claimant is on a special mission for employer; or

(4) Special circumstances are such that claimant was furthering the business of the employer.

*Biagini v. Workmen's Compensation Appeal Board (Merit Contracting Company)*, 158 Pa.Commonwealth Ct. 648, 654, 632 A.2d 956, 958–59 (1993).

In *Peterson,* the Pennsylvania Supreme Court rendered its most recent interpretation of Section 301(c)(1) of the Act with respect to the "coming and going" rule and exceptions thereto. The fact pattern in the instant matter is similar to that in *Peterson,* wherein a licensed practical nurse (Peterson), fractured her left leg and left ankle in an automobile accident while traveling to Montefiore Hospital, the workplace designated by PRN Nursing Agency (PRN). The referee in *Peterson* found that

> The [employer], PRN Nursing Agency, although it is not a health care provider, entered into agreements with various hospitals, nursing homes, and private individuals, for the purpose of supplying registered nurses, licensed practical nurses, and nursing assistants, to those parties as their needs arose. At its office in downtown Pittsburgh, Pennsylvania, [employer] maintained its records, received telephone calls from institutions and individuals requesting its staff, and dispatched its employees to various locations throughout the Allegheny County area. [Employer] did not require its employees to report to its office for assignment; instead, [employer] would contact its employees at their homes, one week in advance of the assignment, to inquire as to whether they were interested in accepting a work assignment. When an employee accepted a work assignment, [employer] instructed the employee where to report for work, when to report to work, and to arrive in uniform.
>
> Moreover, the [employer] did not provide transportation to the work-place, it did not reimburse its employees for their travel expenses, and it did not include time spent commuting to and from an assigned workplace in the computation of an employee's gross wages.

*Id.* 528 Pa. at 282, 597 A.2d at 1118. The referee ultimately determined that Peterson was neither furthering the business of PRN nor acting within the scope and course of her employment at the time she sustained her injuries; the referee

denied Peterson's petition. She appealed to the Board, arguing that her trip to Montefiore Hospital constituted a special mission for PRN and that she had no permanent or fixed place of work. The Board found that Peterson's assignment to work at Montefiore Hospital did not constitute a special mission for PRN and determined that although Peterson seemingly had no permanent, fixed place of work, she did have a fixed place of employment each day. Accordingly, the Board affirmed the referee's denial of her petition.

This Court affirmed the Board, whereupon the Pennsylvania Supreme Court granted allocatur. In reviewing the record with respect to the issue of whether Peterson had a fixed place of work, that court held:

> Regardless of this [employer's] attempt to disguise the true nature of its employees' status, by assigning them to work assignments one week in advance, the facts of the matter remain the same: A temporary employee, who is employed by an agency, never has a fixed place of work. Consequently, when the agency employee travels to an assigned workplace, the employee is furthering the business of the agency. Therefore, we conclude, as a matter of law, [claimant] had no fixed place of work, when she was injured, and her injury occurred while she was in furtherance of her employer's business.

*Id.* at 287–88, 597 A.2d at 1120–21.

With respect to Section 301(c)(1) of the Act as it pertains to the coming and going rule and exceptions thereto, the instant case can be distinguished from *Peterson.* This Court finds, that *Peterson* merely carves out a specific, narrow exception for a temporary employee of an employment agency, because such an employee never has a fixed place of work. Both the claimant in *Peterson* and the claimant in the instant matter reported directly to various job sites as assigned by their respective employers. In this case, however, claimant was not a temporary employee of an employment agency with the prospect of frequent, multiple, changing job sites.

In the instant matter, claimant was to report to the construction site at the mall until the employer's contract at

the mall was completed. It was not envisioned that claimant would report to any other sites or work under the direct supervision of anyone except employer. Claimant's testimony that he was to report to the same job site everyday for an indefinite period indicates that he did have a fixed place of employment.

The injuries in question occurred while claimant was commuting home from the work site. Moreover, it is not contested that claimant's employment contract did not include transportation to and from work, that claimant was not on a special mission for the employer, or that there were no special circumstances to indicate that claimant was furthering the business of employer when the accident occurred.

Therefore, this Court must conclude that the instant factual pattern is dissimilar from that in *Peterson* and that none of the exceptions to the coming and going rule are present.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 17th day of March, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.