**BEAVER AND CASEY, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SOLIDAY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 1995.

Decided July 7, 1995.

---

Frank J. Rubinate, for petitioner.

Claudia Drennen McCarron, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Beaver and Casey, Inc. (Employer) and Wausau Underwriters Insurance Company (Insurer) (collectively, Petitioners) appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's [1] decision to award compensation benefits to James G. Soliday (Claimant). We reverse.

Employer, a utility contractor, employed Claimant as a construction laborer on a pipe crew.[2] In this capacity, Claimant worked at different construction sites for varying periods of time.[3] Claimant usually drove his own vehicle directly from his home to the job site. Occasionally, however, Claimant would meet his co-workers at Employer's workshop, pick up tools there, and then go to the job site. Sometimes, Claimant would not go to a job site at all but, instead, would work at the shop washing company vehicles. (Referee's Findings of Fact, Nos. 1–4.)

On July 30, 1990, Claimant was working at a housing development in Quakertown. Around noon, Claimant left work in a company truck driven by a co-worker to have lunch and to use bathroom facilities at a nearby Roy Rogers Restaurant.[4] Claimant was involved in a motor vehicle accident during his lunch break, sustaining an injury to his right shoulder. Although Claimant missed no time from work due to the injury, Claimant incurred $6,760 in medical expenses. (Referee's Findings of Fact, Nos. 5–8, 16.)

Claimant filed a claim petition alleging that because Claimant sustained an injury in the course of his employment, Employer is liable for his medical expenses. Employer filed a timely answer denying the material allegations of the claim, and hearings were held before a referee.[5]

Based on the evidence presented, the referee determined that Claimant was actually engaged in the furtherance of Employer's business or affairs when Claimant was injured on July 30, 1990. Thus, the referee granted Claimant's claim petition and ordered Employer to pay Claimant's medical and litigation expenses. Employer appealed to the Board, which affirmed the decision of the referee. Subsequently, relying on this court's decision in *Foster v. Workmen's Compensation Appeal Board (Ritter Brothers)*, 162 Pa.Commonwealth Ct. 565, 639 A.2d 935, *appeal denied*, 539 Pa. 683, 652 A.2d 1327 (1994), Employer filed a Petition for Rehearing with the Board, which the Board denied.[6]

---

1. Referees are now called Workers' Compensation Judges under the new amendments to the Workers' Compensation Act effective August 31, 1993. However, because this case was before the Referee prior to the effective date of those amendments, we will refer to the Referee as such and not as Workers' Compensation Judge.

2. The pipe crew is responsible for laying sanitary pipe, i.e., water and sewer pipe. (R.R. at 11a, 32a.)

3. Between November of 1988 and July of 1990, Claimant worked at ten to fifteen different job sites for Employer. (R.R. at 13a, 44a.) However, Claimant worked at one particular job site for eight months. (R.R. at 31a.)

4. There were no lunch or bathroom facilities at the job site. (Referee's Finding of Fact, No. 5.) Until work slowed down, there had been a "Johnny-on-the-Spot" at the construction site; on July 30, 1990, without it, workers used the field or woods which surrounded the job site. (R.R. at 46a–47a.)

5. At the hearings, Claimant testified on his own behalf; Employer offered no evidence.

6. In *Foster*, this court held that a journeyman carpenter who travels directly from his home to a construction site each day until the employer's contract is completed has a fixed place of work and, thus, is not entitled to benefits for an injury sustained after leaving the work site. Employer

On appeal to this court,[7] Employer argues that the Board erred because the referee failed to make a necessary finding of fact, i.e., whether Claimant was a traveling or stationary employee. Moreover, Employer contends that even if the referee found, by implication, that Claimant was a traveling employee, the record does not contain substantial evidence to support such a finding; thus, the referee erred in concluding that Claimant was acting in furtherance of Employer's business and in the course of his employment when he sustained his injury.

■ Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1) (emphasis added), states in pertinent part:

(1) The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe ... arising *in the course of his employment....* The term "injury arising in the course of his employment," as used in this article, ... shall include all ... injuries sustained while the employe is *actually engaged in the furtherance of the business or affairs of the employer,* whether upon the employer's premises or elsewhere.

Whether an employee sustained an injury in the course of employment is a question of law which must be based on the findings of fact. *Lenzner Coach Lines v. Workmen's Compensation Appeal Board (Nymick),* 158 Pa.Commonwealth Ct. 582, 632 A.2d 947 (1993); *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources),* 150 Pa.Commonwealth Ct. 628, 616 A.2d 128 (1992). This court has analyzed course of employment cases in two ways

depending upon whether the claimant is a traveling employee or a stationary employee. *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton),* 142 Pa.Commonwealth Ct. 531, 597 A.2d 1241 (1991).

■ Here, Employer correctly maintains that the referee made no specific finding as to whether Claimant was a traveling or stationary employee. Nevertheless, we believe that a fair reading of the referee's decision indicates that the referee found that Claimant was a traveling employee. Indeed, absent such a finding, the referee could not have concluded under the facts of this case that Claimant was actually engaged in the furtherance of Employer's business while on his lunch break.[8] Even so, Employer contends that the record does not contain substantial evidence to support a finding that Claimant was a traveling employee. We agree.

■ This court has relied on various tests in order to determine whether a claimant is a traveling employee and is thus entitled to benefits if he is injured during a lunch break. We determine whether a claimant is a traveling employee on a case by case basis considering whether the claimant's job duties involve travel, whether the claimant works on the employer's premises or whether the claimant has no fixed place of work. *Lang v. Workmen's Compensation Appeal Board (United States Steel Corp.),* 108 Pa.Commonwealth Ct. 381, 529 A.2d 1161 (1987), *appeal denied,* 518 Pa. 614, 540 A.2d 535 (1988) (metallurgist whose job duties require travel between two plants on a regular basis is a traveling employee); *Roman* (DER inspector whose job duties require travel to construction sites and layovers at hotels in the vicini-

---

argued that Claimant, like the carpenter, had a fixed place of work and was not entitled to benefits for his lunch hour injury away from the job site.

7. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable),* 145 Pa.Commonwealth Ct. 582, 604 A.2d 767 (1992).

8. For traveling employees, temporary departures from the work routine to administer to personal comforts, including authorized breaks for lunch, do not break the continuity of the employee's course of employment. *Roman.* On the other hand, if a stationary employee leaves the employer's premises during authorized breaks for personal reasons, i.e., reasons unrelated to his required job duties, the employee is not within the course of his employment. *Pesta v. Workmen's Compensation Appeal Board (Wise Foods),* 153 Pa.Commonwealth Ct. 616, 621 A.2d 1221 (1993).

ty is a traveling employee); *Southland Cable Company v. Workmen's Compensation Appeal Board (Emmett)*, 142 Pa.Commonwealth Ct. 612, 598 A.2d 329 (1991) (cable installer who does not work on the employer's premises is a traveling employee); *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Seeley)*, 110 Pa.Commonwealth Ct. 619, 532 A.2d 1257 (1987), *appeal denied*, 519 Pa. 662, 546 A.2d 623 (1988) (truck driver who has no fixed place of work is a traveling employee); [9] *Pesta v. Workmen's Compensation Appeal Board (Wise Foods)*, 153 Pa.Commonwealth Ct. 616, 621 A.2d 1221 (1993) (shipping and receiving department worker whose job duties do not require travel is a stationary employee); *Collins v. Workmen's Compensation Appeal Board (American Society for Testing and Materials)*, 99 Pa.Commonwealth Ct. 228, 512 A.2d 1349 (1986) (office worker whose job duties do not involve travel is a stationary employee).

Here, we believe that Claimant best fits under the category of stationary employee because Claimant, a pipe crew laborer who reported to work each day by driving directly from home to a particular construction site until Employer's sanitary pipe contract was completed, had a fixed place of work. *Foster* (journeyman carpenter who travels directly from his home to a construction site each day until the employer's contract is completed has a fixed place of work because he reports to the same job site every day for an indefinite period and because he does not have the

prospect of frequently changing job sites or of travel between multiple job sites); *see also Biddle v. Workmen's Compensation Appeal Board (Thomas Mekis & Sons)*, 539 Pa. 343, 652 A.2d 807 (1995) (project manager who travels between three or four job sites at a time, but not necessarily on a daily basis, has a fixed place of work). Indeed, the record shows that Claimant neither had to change job sites frequently nor had to travel daily between multiple job sites. Thus, like other stationary employees, Claimant left a fixed place of work each day to eat his lunch and afterwards returned to the same location.

Because Claimant had a fixed place of work and thus was not a traveling employee, we conclude that Claimant is not entitled to benefits for the injury he sustained during his lunch break. Accordingly, we reverse the Board's decision.

### ORDER

AND NOW, this 7th day of July, 1995, the order of the Workmen's Compensation Appeal Board, dated July 19, 1994, is reversed.

RODGERS, Senior Judge, dissents.

---

**9.** In *Roadway Express, Inc.*, 110 Pa.Commonwealth Ct. at 625, 532 A.2d at 1260, we stated:
It is important to recognize as controlling, we think, that a "roving employee" case is one in which there is ... no fixed work place, such as with an over-the-road truck driver.