SHECKLER CONTRACTING &
Ohio Casualty Insurance
Co., Petitioners,

v.

WORKERS' COMPENSATION APPEAL
BOARD (YONEK), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 1997.

Decided July 17, 1997

John C. Brydon and Donald F. Fessler, Jr., Erie, for petitioners.

Barry J. Palkovitz, McKeesport, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether an employee, without a fixed place of employment, who is killed while traveling home from a job is in the course and scope of employment, thus allowing his dependent to collect workers' compensation benefits.

Sheckler Contracting (Employer) and Ohio Casualty Insurance Company (collectively, Petitioners) appeal from the order of the Workers' Compensation Appeal Board (WCAB) that affirmed the Workers' Compensation Judge's (WCJ) grant of benefits to the minor daughter of Elmer Yonek (Decedent). We affirm.

Decedent worked for Employer as a general laborer. Employer routinely performed government contracts for the Federal Aviation Administration. Decedent had been temporarily assigned to work at Wright–Patterson Air Force Base in Dayton, Ohio. On September 19, 1991, Decedent, while traveling home with some fellow employees, was involved in an automobile accident. Decedent sustained fatal injuries.

On January 13, 1992, Karen Yonek (Claimant), spouse of Decedent, filed a fatal claim petition on her behalf and that of her minor child. The petition alleged that the automobile accident occurred in the course and scope of Decedent's employment. Employer specifically denied this allegation.

At the hearing before the WCJ, Claimant presented the testimony of Mark Dennison, the foreman for the Wright–Patterson job. As the foreman, Mr. Dennison testified that he made all the travel arrangements for his crew. The employees would meet at his residence, leaving their personal vehicles, and proceed to the job in company-authorized vehicles. For the Wright–Patterson job, the employees traveled to and from the site in vehicles owned by Mr. Dennison and Richard Euard, another employee. Employer paid for the gasoline used by both vehicles traveling to and from the job site and also paid for the employees' lodging during the work week. Although the employees were not required to return home, they were instructed to bring their tools with them over the weekend, in case Employer sent them to another job site the following week.

Based upon this evidence, the WCJ found that Decedent did not have a fixed place of employment and thus, at the time of the accident was in the course and scope of his employment. The WCJ granted benefits to Claimant's minor child, finding that she was dependent upon Decedent at the time of his work-related death.[1] On appeal, the WCAB affirmed.

 On appeal to this Court,[2] Employer argues that the WCJ's finding of fact that Decedent did not have a fixed place of employment is not supported by the evidence. Employer asserts that the WCAB erred in failing to apply the rule that an injury sustained while an employee is going to or coming from work does not occur in the course of employment.[3]

However, this Court has recognized several exceptions to the "coming and going" rule. In *Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries)*, 69 Pa.Cmwlth.241, 451 A.2d 10, 11 (1982), we stated the following exceptions to the rule as: "1) claimant's employment contract includes transportation to and from work; 2) claimant has no fixed place of work; 3) claimant is on a special mission for employer; or 4) special circumstances are such that claimant was furthering the business of the employer."

The WCJ found that the "no fixed place of work" exception applied here based upon the testimony of Mr. Dennison. (WCJ Finding of Fact No. 10.) Employer relies on the case of *Foster v. Workmen's Compensation Appeal Board (Ritter Brothers, Inc.)*, 162 Pa. Cmwlth.565, 639 A.2d 935 (1994), in disputing this finding. However, as did the WCAB, we find *Foster* distinguishable. In *Foster*, the claimant was required to report directly to a site every day for an indefinite period of time. Because "it was not envisioned that claimant would report to any other sites ...," *Id.*, 639 A.2d at 938, we held the claimant ineligible for benefits when he was injured traveling from his place of employment.

This case is more similar to the case of *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing)*, 528 Pa. 279, 597 A.2d 1116 (1991). In *Peterson*, the claimant was a nurse assigned to various job sites. The employer dispatched its employees from its central office by contacting them at home one week in advance of the assignment. While the employer did not provide transportation to the work place and did not reimburse the employees for travel expenses, the Supreme Court granted the claimant benefits based upon her injury traveling to the work place because of the no set place of employment exception of *Setley*.

---

1. The WCJ denied benefits to Claimant, on her own behalf, as the WCJ found Claimant was no longer dependent upon Decedent for support as they had been separated for several years at the time of his death.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

3. This rule is commonly known as the "coming and going" rule.

Here, Decedent was instructed to bring his tools with him each time he returned home (February 4, 1993 deposition of Mark Dennison at 13), because he could be assigned to a different job site following the weekend as Employer's employees were assigned to where they were needed most. (February 4, 1993 deposition of Paul Sheckler, Employer's President at 41–42).

Because the WCJ is the ultimate finder of fact, *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski)*, 9 Pa.Cmwlth.176, 305 A.2d 757 (1973), and because the WCJ found that Decedent had no fixed place of employment and because this finding was based upon substantial evidence, i.e., the testimony of both Mark Dennison and Paul Sheckler, we hold that the WCAB correctly affirmed the WCJ's grant of benefits to Decedent's minor child.

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of July, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.