**BUCKEYE PIPE LINE COMPANY,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL
BOARD (ABT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 1998.

Decided July 10, 1998.

**1144** ■

Daniel J. Gallagher, Harrisburg, for petitioner.

Robert P. Haynes, Camp Hill, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether a traveling employee who removes debris blocking his passage and then is struck by a passing vehicle when attempting to remove additional debris hampering other motorists, has abandoned his employment, making him ineligible for workers' compensation benefits.

Buckeye Pipe Line Company (Employer) appeals from the order of the Workers' Compensation Appeal Board (WCAB) that affirmed, but modified the Workers' Compensation Judge's (WCJ) grant of benefits to Alan A. Abt (Claimant). We affirm.

Claimant worked as an electronic technician for Employer traveling to various job sites.[1] On June 24, 1993, Claimant was driving Employer's van to his early morning assignment. The van entered the highway entrance ramp which, was blocked with debris, including sharp objects. Claimant pulled the van over to the side of the road, leaving it in park with the motor running. Claimant got out of the van to remove the debris. Claimant then observed additional debris on the highway, causing an immediate traffic hazard.[2] Claimant waited for traffic to clear and ran to remove one of the boxes but was struck by a vehicle he had not seen, sustaining serious injuries.

Claimant filed for workers' compensation benefits. Employer did not dispute that Claimant's conduct in removing the debris from the ramp blocking the van was in the course of his employment. However, Employer argues that Claimant abandoned his "employment" when he decided to remove debris from the highway, as this was not within the scope of Employer's business. However, the WCJ granted benefits.

On appeal, the WCAB concluded that Claimant's conduct in "removing the rest of the boxes from the highway did not constitute an abandonment of employment that would take him totally out of the scope of employment." Opinion at 5. The WCAB held that Claimant's action was "merely an innocent departure from his course of employment and not enough to deny benefits." *Id.*

On appeal to this Court,[3] Employer argues that the WCAB erred as a matter of law in holding that Claimant's conduct of removing the boxes from the highway did not remove him from the scope of his employment. Employer also argues that the WCAB erred in holding that Employer did not meet its burden of showing that Claimant had violated the law by being a pedestrian on the highway and thus, should have denied benefits based upon Claimant's illegal act.

---

1. Claimant also worked at the same time for Pennsylvania Commuter Airlines, for whom he serviced communications equipment.

2. Claimant observed traffic swerve and come to a near stop, including a tractor-trailer that zigzagged and hit debris, including a large 30-cup coffee percolator that flew through the grill and headlight of a car. (Finding of Fact No. 7). Claimant also observed another car almost stop on the highway to try to get around the debris. Claimant believed the driver motioned to him to do something. *Id.*

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

Whether an employee is in the course and scope of his employment at the time of his injury is a question of law based upon the findings of fact. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa.Cmwlth.1995). The course and scope of employment is necessarily broader for traveling employees and is liberally construed to effectuate the purposes of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 – 1041.4. *Id.* When a traveling employee is injured after setting out on the business of his employer, it is presumed that he was furthering the employer's business at the time of the injury. *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources)*, 150 Pa.Cmwlth. 628, 616 A.2d 128 (1992). To rebut this presumption, the employer must prove that the claimant's actions were so foreign to and removed from his usual employment that they constitute an abandonment of that employment. *Id.* The courts have held that a very distinctive break in employment duties must be established before an abandonment of employment will be found. *Pfizer, Inc. v. Workmen's Compensation Appeal Board (Gresham)*, 130 Pa. Cmwlth. 319, 568 A.2d 286 (1989), *appeal denied*, 525 Pa. 661, 582 A.2d 326 (1990).

In order to overcome the presumption that Claimant's injuries occurred within the scope of his employment, Employer needed to present evidence that the accident occurred during a "very distinctive break" from Claimant's job duties and that the removal of the highway debris was so "foreign and removed" from Claimant's usual employment to constitute an abandonment of that employment. The problem with Employer's position that Claimant abandoned his employment is that the WCJ found Claimant had to stop his van to remove debris that impeded his path. This conduct, thus, was found necessary and in furtherance of Employer's business. The WCAB recognized that the removal of the rest of the highway debris that was causing an immediate traffic hazard was also not so foreign and removed as to constitute an abandonment of Claimant's employment. The WCAB held that Claimant's conduct was at most an innocent departure likening Claimant's actions to those cases where employees have been injured while stopping for personal comfort reasons. *See Carr v. Workmen's Compensation Appeal Board (May Department Store)*, 671 A.2d 780 (Pa.Cmwlth.1995); *Lenzner Coach Lines v. Workmen's Compensation Appeal Board (Nymick, Sr.)* 158 Pa.Cmwlth. 582, 632 A.2d 947 (1993); *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens)*, 70 Pa.Cmwlth. 163, 452 A.2d 902 (1982).

Employer asserts, however, that Claimant's conduct was not merely an innocent departure but was reckless, imprudent or dangerous, likening Claimant's conduct to leaning over the edge of a cliff. (Employer's Brief at 12). While this Court has denied benefits in cases where the claimant engaged in "reckless, imprudent or dangerous" activity, *Evans v. Workmen's Compensation Appeal Board (Hotwork, Inc.)*, 664 A.2d 216 (Pa.Cmwlth.1995), the WCJ here, did not find that Claimant's conduct was reckless or imprudent. This finding is supported by substantial evidence[4] as Claimant testified that he thought he was acting cautiously and helping those travelling the highway.

A number of courts have gone to considerable lengths in upholding awards for injuries occurring in the course of miscellaneous "good samaritan" activities by employees, on the theory that the employer ultimately profited as a result of the goodwill thus created.[5]

---

4. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)* 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982).

5. In *Lewis v. Kentucky Central Life Insurance Co.*, 20 N.C.App. 247, 201 S.E.2d 228 (1973), an insurance salesman was struck by an out-of-control automobile after helping a policy-holder whose automobile had stalled. The court granted benefits stating that the test was whether the employee was acting for the benefit of his employer or for his own benefit. There, specific personal relations essential to the industry were promoted, as was general goodwill.

Further, in *Howell v. Kash & Karry*, 264 S.C. 298, 214 S.E.2d 821 (1975), a supermarket employee was sent to a parking lot across from the

In *Ace Pest Control, Inc. v. Industrial Commission*, 32 Ill.2d 386, 205 N.E.2d 453 (1965), the court granted benefits to an employee, who in the course of a business trip had stopped to help a motorist when he was struck by an oncoming car. While Pennsylvania has not addressed this issue, we would be remiss of humanitarian purpose of the Act if we would not allow benefits here. Therefore, we hold that the WCAB correctly affirmed the WCJ's opinion, as modified, based upon changes in the Act.

Accordingly, we affirm.[6]

### ORDER

AND NOW, this 10th day of July, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

store to retrieve shopping carts. He observed two boys snatching a woman's purse and he gave chase, but fell and broke his arm. While there was no evidence that the woman was a customer of the store, the court granted benefits stating that the acts undertaken in good faith served the

employer's interest and thus, found the employee within the scope of his employment.

6. Employer's second argument that Claimant should be denied benefits because the act of walking on the highway is illegal was waived because it was not presented to the WCJ.