**Lori JAMISON, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GALLAGHER HOME HEALTH SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 2008.
Decided Aug. 19, 2008.

Thomas D. Hall, Pittsburgh, for petitioner.

Ralph J. Saunders, Jr., Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Lori Jamison (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) dismissing her claim petition. The Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant was not a traveling employee and, therefore, the injury she sustained while traveling to her place of employment was not compensable under the Workers' Compensation Act.[1] For the reasons that follow, we will reverse the Board's adjudication and remand the matter for further proceedings.

Claimant was employed as a home health nurse by Gallagher Home Health Services (Employer), which, *inter alia,* required her to travel to visit one to eight of Employer's clients per day. Claimant was not required to go into Employer's office before or after any visits, and it was her practice to complete any necessary paperwork from home. Employer paid Claimant a fixed wage for the time she spent with a patient and reimbursed Claimant for her mileage expenses incurred after she left the first patient's home. Employer did not reimburse Claimant for mileage incurred driving to the first patient's home or for mileage incurred returning home from the last patient visit. Employer did not compensate Claimant for her travel

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708 (Act).

time but only for the time she spent with a patient. Finally, Employer permitted Claimant to engage in other activities during the day between patient visits, including personal errands and other employment.

Claimant also worked for two other employers: PRN Health Services and AAA Mortgage Company. In her work for PRN Health Services, Claimant trained health aides and visited patients in their home. Claimant worked as a loan officer at AAA Mortgage Company and was paid a salary for working 40 hours per week as well as a commission on loans she closed. On any given day, Claimant could be working for all three of her employers.

On November 24, 2005, Claimant was scheduled to visit two clients for Employer. While traveling from her home to the first client's home, Claimant was involved in a motor vehicle accident. As a result of the accident, Claimant suffered an aggravation of a pre-existing complex regional pain syndrome in her left arm and chest.[2]

On May 10, 2006, Claimant filed a claim petition alleging that she suffered a work-related injury on November 24, 2005, while traveling from her home to the home of one of Employer's clients. Employer de-

nied that Claimant was a traveling employee or that she was in the course of her employment when she had the accident. The WCJ agreed with Employer that Claimant was not a traveling employee because on any given day she could be working for any one of, or all three of, her employers. Because the WCJ found Claimant not to be a traveling employee, her commute to her job for Employer on the day in question was not in the course of her employment and, thus, any injury that occurred during that time was not compensable. Claimant timely appealed to the Board, which issued an opinion affirming the WCJ.[3] The present appeal followed.

 Claimant raises two issues for this Court's review. First, Claimant challenges the WCJ's conclusion that she was not a traveling employee at the time of the accident. Second, Claimant contends that the record does not contain substantial evidence to support the WCJ's factual finding that Claimant was not a traveling employee.[4]

 In a claim petition, the claimant bears the burden to establish all the elements necessary to support an award of

---

**2.** Claimant sought treatment for complex regional pain syndrome of the left arm and chest prior to the November 24, 2005, motor vehicle accident.

**3.** The Board affirmed the findings of the WCJ on the basis that it is the function of the WCJ to weigh the evidence and resolve conflicting testimony. Although we agree that such fact-finding functions are exclusively within the province of the WCJ, the issue of whether Claimant's injuries arose in the course of her employment is a question of law that must be based on the findings of fact. The weight and credibility of the evidence is not the issue on appeal but, rather, whether the WCJ's findings are supported by substantial evidence and whether the WCJ committed an error of law.

**4.** This Court's review of an order of the Board is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Compensation Appeal Board (Selva)*, 894 A.2d 861, 863 n. 3 (Pa.Cmwlth.2006). In a claim petition, the claimant bears the burden to prove that the injury was related to and arose in the course of employment. *Wachs v. Workers' Compensation Appeal Board (American Office Systems)*, 584 Pa. 478, 484, 884 A.2d 858, 862 (2005). "Whether an employee is acting within the course and scope of his employment at the time of his injury or death is a question of law and is reviewable *de novo*." *Id.*

compensation. *Teter v. Workers' Compensation Appeal Board (Pinnacle Health Sys.)*, 886 A.2d 721, 723 (Pa.Cmwlth.2005). The Act provides that the employer shall be liable to an injured employee for an injury arising in the course of the employment. *See* Sections 301(a) and 301(c)(1) of the Act, 77 P.S. §§ 431, 411(1). The Act also provides that an "injury arising in the course of his employment" includes:

> ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere ...

Section 301(c)(1) of the Act, 77 P.S. § 411(1).

 Whether an employee sustained an injury in the scope and course of employment is a question of law that must be based on the findings of fact. *The Baby's Room v. Workers' Compensation Appeal Board (Ryan and Kathleen Stairs)*, 860 A.2d 200, 203 n. 5 (Pa.Cmwlth.2004). This Court has analyzed course of employment cases in two ways, depending on whether the claimant is a traveling employee or a stationary employee.[5] *Beaver and Casey v. Workmen's Compensation Appeal Board*, 661 A.2d 40, 42 (Pa.Cmwlth.1995). What constitutes "scope and course of employment" is broader for traveling employees than for stationary employees, and it

includes driving to any appointment for the employer. *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources)*, 150 Pa. Cmwlth.628, 616 A.2d 128, 130 (1992). Indeed, this Court has explained the course of employment for traveling employees as follows:

> When a traveling employee is injured after setting out on the business of his employer, it is *presumed that he was furthering the employer's business at the time of the injury* .... The employer bears the burden of rebutting this presumption.... To meet its burden, the employer must prove that the claimant's actions were so foreign to and removed from his usual employment that they *constitute an abandonment of that employment.*

*Id.* (emphasis added).

 When considering whether an individual is a traveling employee, each case is determined on a case-by-case basis. *Baby's Room*, 860 A.2d at 203 n. 5 (citing *Beaver and Casey*, 661 A.2d at 42). This Court has explained that the determination of whether an employee is a traveling employee is based on the following factors:

> whether the claimant's job duties include travel, whether the claimant works on

---

**5.** Under what is commonly called the "going and coming rule," an injury or death sustained by an employee traveling to or from a place of employment does not occur "in the course of employment," and, therefore, is not compensable under the Act. *Wachs v. Workers' Compensation Appeal Board (American Office Systems)*, 584 Pa. 478, 483–484, 884 A.2d 858, 861–862 (2005). However, an injury may be compensable under the Act, if one of the following exceptions to the "going and coming rule" applies:

(1) claimant's employment contract includes transportation to and from work;

(2) claimant has no fixed place of work;

(3) claimant is on a special mission for employer; or

(4) special circumstances are such that claimant was furthering the business of the employer.

*Id.* at 484, 884 A.2d at 862 (citation omitted). Thus, one with no fixed place of employment is a "traveling employee" and exempt from the "going and coming rule." *See, e.g., Peterson v. Workmen's Compensation Appeal Board*, 528 Pa. 279, 597 A.2d 1116 (1991) (holding that a nurse employed by a temporary agency to work in various assigned workplaces has no fixed place of employment and is exempt from the "going and coming rule").

the employer's premises, or whether the claimant has no fixed place of work. *Id.*

██ In this case, the WCJ concluded that Claimant was not a traveling employee. Relevant thereto, the WCJ made the following findings of fact:

> There is no solid proof claimant actually performed any work of AAA [Mortgage Company] or PRN [Health Services] on November 24, 2005 before the motor vehicle accident. However, the evidence establishes that claimant did not start out the day furthering the business of employer such that she could be treated as a traveling employee. The reason for that is that the evidence establishes that on many days claimant was not furthering employer's business at all, but was pursuing employment activities with AAA [Mortgage Company] and PRN [Health Services]. I find those acts sufficient to rebut the presumption that claimant was a traveling employee for employer.

WCJ Decision, dated May 8, 2007, Finding of Fact No. 27(j). Because Claimant was found not to be a traveling employee, the WCJ concluded that Claimant was not entitled to treat the drive from her home to a patient's home as within the course of her employment. In this respect, the WCJ considered Claimant to be like any employee whose commute to work is considered outside the scope of employment. The Board agreed with the WCJ that a person who works for several employers on any given day cannot be a traveling employee.

But for the multiple employer issue, there would be little reason to doubt that Claimant was a traveling employee with respect to her job with Employer. Employer required Claimant to work for Employer's clients in their homes; she had to travel to get to those homes.[6] Further, Claimant did not work on Employer's premises; was not required to go to Employer's office before or after any visits;[7] and did not have a fixed place of work for Employer. Because Claimant had to travel to patient homes, travel was an essential element of Claimant's work for Employer.[8] As such, she was a traveling employee.

██ Because she was a traveling employee, Claimant was entitled to a presumption that she was working for Employer during her drive from her home to a patient's home. *Roman,* 616 A.2d at 130. To rebut this presumption, Employer had to establish that Claimant's actions at the time of the injury were so foreign to and removed from her usual employment that they constituted an abandonment of that employment. *Id.* The focus of the abandonment inquiry is whether the claimant's actions *at the time of the injury*

---

6. *Cf., Pesta v. Workmen's Compensation Appeal Board (Wise Foods),* 153 Pa.Cmwlth. 616, 621 A.2d 1221 (1993) (shipping and receiving department worker whose job duties do not require travel is a stationary employee); *Collins v. Workmen's Compensation Appeal Board (American Society for Testing and Materials),* 99 Pa.Cmwlth. 228, 512 A.2d 1349 (1986) (office worker whose job duties do not involve travel is a stationary employee).

7. *See Southland Cable Company v. Workmen's Compensation Appeal Board (Emmett),* 142 Pa.Cmwlth. 612, 598 A.2d 329 (1991) (cable installer who does not work on the employer's premises is a traveling employee).

8. *See Lang v. Workmen's Compensation Appeal Board (United States Steel Corp.),* 108 Pa. Cmwlth. 381, 529 A.2d 1161 (1987) (metallurgist whose job duties require travel between two plants on a regular basis is a traveling employee); *Roman,* 150 Pa.Cmwlth. 628, 616 A.2d 128 (inspector whose job duties require travel to construction sites and layovers at hotels in the vicinity is a traveling employee).

constituted an abandonment of employment.

Again, the WCJ concluded that Employer met this burden because on many days Claimant worked for AAA Mortgage Company and PRN Health Services before and after her visits with the clients of Employer. The relevant inquiry, however, is whether Claimant's actions amounted to an abandonment of her duties for Employer at the time of the injury. There is no evidence on which Claimant can be found to have abandoned her duties; to the contrary, she was on her way to the home of one of Employer's clients.

 This is a case of first impression. We have not been able to find any authority to support the WCJ's and Board's conclusion that a claimant must work for a single employer in order to be considered a traveling employee. Further, the traveling employee analysis developed in our precedent seems fully amenable to the situation where a claimant works for more than one employer. The inquiry in any case should focus on what the claimant is doing at the time of the injury. This may be more complex where a claimant works for more than one employer, but we see no reason for an inflexible rule that one who works for several employers cannot be a traveling employee.[9] Here, at different times in the day in her work for several employers, Claimant might stop being a traveling employee for Employer. This would be the case, for example, when she worked for one of her other employers. Such other work would, we believe,

constitute an abandonment of Claimant's employment with Employer.

On the day in question, Thanksgiving Day, Claimant was on her way to a patient's home. She was not on her way to another job. Indeed, the WCJ found that there was "no solid proof claimant actually performed any work of AAA [Mortgage Company] or PRN [Health Services] on November 24, 2005 before the motor vehicle accident." WCJ Decision, dated May 8, 2007, Finding of Fact No. 27(j). There is simply no substantial evidence to support a finding that Claimant was acting in a manner that amounted to an abandonment of her duties to Employer at the time of the injury.

For these reasons, the Board is reversed, and this matter remanded to the WCJ to establish Claimant's entitlement to wage loss or medical benefits.

### ORDER

AND NOW, this 19th day of August, 2008, the order of the Workers' Compensation Appeal Board dated February 6, 2008, in the above-captioned matter, is hereby REVERSED and the case is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

---

9. To hold otherwise would imply that anytime traveling employees have concurrent employment they would be treated as stationary employees regardless of their actions at the time of the injury and, moreover, regardless of whether they were actually furthering the business of their employer at the time of the accident. This is contrary to the well-established principle that the course of employ-

ment for traveling employees is broader than for stationary employees, and is to be liberally construed to give effect to the humanitarian purpose of the Act. *Roman*, 616 A.2d at 130. Furthermore, it is inconsistent with the well-settled exceptions to the "going and coming rule." *See Wachs*, 584 Pa. at 484, 884 A.2d at 862.