# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dane R. Holler,                            :
               Petitioner          :
                           :
      v.                                  :  No. 2209 C.D. 2013
                           :  Submitted:  May 2, 2014
Workers' Compensation Appeal Board   :
(Tri Wire Engineering Solutions, Inc.),  :
              Respondent        :


BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY JUDGE BROBSON**         **FILED:  August 22, 2014**


Dane R. Holler (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed a decision of a Workers' Compensation Judge (WCJ), denying Claimant's petition for benefits. Claimant sought benefits for injuries he sustained in an automobile accident that occurred while he was driving to Tri Wire Engineering Solution, Inc.'s (Employer) company facility.  For the reasons discussed below, we now reverse the Board's order.

The facts of this case are not in dispute.  Claimant was employed as a cable technician, responsible for installing cable and network services for Employer's customers at the customer's home or business.  (Reproduced Record (R.R.) 36a.)  Claimant began each work day by reporting to Employer's facility, where he checked-in by biometric thumb scan, received his assignments for the day, and picked up his equipment.  (R.R. 23a-24a, 36a.)  Claimant then spent the

rest of his work day traveling to and working at various customer locations. (R.R. 13a-14a.) As a courtesy, Employer allowed Claimant to take his company vehicle home each night and use it to report to work in the mornings. (R.R. 15a, 24a.) Employer prohibited Claimant from using the company vehicle for any other purpose or allowing anyone else to drive it, and Employer did not allow Claimant to have any passengers. (R.R. 24a-25a.)

On the morning of August 13, 2010, while Claimant was driving his company vehicle to Employer's facility prior to the beginning of his work day, Claimant was injured in a single-vehicle accident. (R.R. 36a.) Claimant ran off the road and struck a telephone pole, resulting in significant injuries. (*Id.*) Claimant had to be life-flighted to the hospital, and he has not been able to return to work since. (*Id.*)

On January 18, 2011, Claimant filed a claim petition seeking workers' compensation benefits. Employer objected to the claim, asserting that Claimant's injuries did not occur during the course and scope of his employment. The parties agreed to bifurcate the issues in the case to first determine whether Claimant was in the course and scope of his employment at the time of the accident which resulted in his injuries. (*Id.*)

Claimant was the only witness to testify at the hearing before the WCJ. The WCJ found that Claimant "acknowledged that there was no contract for transportation," and the WCJ determined that he had a fixed place of work. (R.R. 36a-37a.) The WCJ further found that "[t]here are no facts in this case which indicate that claimant was on a special assignment for the employer or that there were special circumstances such that claimant was furthering the business of the employer." (R.R. 37a.) The WCJ concluded that Claimant was not acting in

2

the course and scope of his employment at the time of his accident on August 13, 2010. (*Id.*) Claimant appealed to the Board, which affirmed the WCJ, noting that Claimant had the burden to prove the accident took place during the course and scope of his employment, and he failed to do so.

Claimant then petitioned this Court for review. On appeal,[1] Claimant argues that the Board and WCJ erred in concluding that Claimant was not injured during the course and scope of his employment, because he had no fixed place of employment, his employment contract included transportation, and he was furthering Employer's business when he sustained his injuries.[2]

Under Section 301(c)(1) of the Workers' Compensation Act (Act),[3] injuries occur during the course and scope of employment when they are "sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." Not compensable under the Act are those "injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury." *Id.*

---

[1] This Court's standard of review is limited to determining whether substantial evidence supports the WCJ's necessary factual findings, whether the Board violated its procedures, and whether any constitutional rights were violated or any error of law was committed. *Mackey v. Workers' Comp. Appeal Bd. (Maxim Healthcare Servs.)*, 989 A.2d 404, 406 n.2 (Pa. Cmwlth.), *appeal denied*, 997 A.2d 1180 (Pa. 2010).

[2] The claimant bears the burden of proving his injuries were sustained in the course and scope of his employment. *Wachs v. Workers' Comp. Appeal Bd. (American Office Sys.)*, 884 A.2d 858, 862 (Pa. 2005). Whether a claimant was acting within the course and scope of his employment when his injury occurred is a question of law and is reviewable de novo. *Id.*

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

Generally, under the "going and coming rule," injuries sustained while an employee is traveling to and from his place of employment are considered outside the course and scope of employment and are, therefore, not compensable under the Act. *Wachs*, 884 A.2d at 861-62. Such injuries will, however, be considered to have occurred during the course and scope of employment if one of the following four exceptions applies: (1) the claimant's employment contract includes transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on a special mission for employer; or (4) the special circumstances are such that the claimant was furthering the business of the employer. *Id.* at 862.

Here, Claimant asserts that the second exception to the going and coming rule applies and argues that he was a traveling employee because he had no fixed place of work. Whether a claimant is a traveling employee is determined on a case by case basis, and we consider "whether the claimant's job duties involve travel, whether the claimant works on the employer's premises, or whether the claimant has no fixed place of work." *Beaver & Casey, Inc. v. Workmen's Comp. Appeal Bd. (Soliday)*, 661 A.2d 40, 42 (Pa. Cmwlth. 1995); *Jamison v. Workers' Comp. Appeal Bd. (Gallagher Home Health Servs.)*, 955 A.2d 494, 498 n.5 (Pa. Cmwlth. 2008) ("[O]ne with no fixed place of employment is a 'traveling employee.'"), *appeal denied*, 966 A.2d 572 (Pa. 2009). Furthermore, "[t]he fact that an employer has a central office at which an employee sometimes works is not controlling." *Toal Assocs. v. Workers' Comp. Appeal Bd. (Sternick)*, 814 A.2d 837, 841 (Pa. Cmwlth. 2003). In determining whether a claimant is a traveling employee, "we must keep in mind that the [Act] is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to

4

effectuate its humanitarian objectives." *Peterson v. Workmen's Comp. Appeal Bd. (PRN Nursing Agency)*, 597 A.2d 1116, 1120 (Pa. 1991). Thus, the course of employment is "necessarily broader" for traveling employees, *Roman v. Workmen's Comp. Appeal Bd. (Dep't of Envtl. Res.)*, 616 A.2d 128, 130 (Pa. Cmwlth. 1992), and a traveling employee is exempt from the going and coming rule, *Jamison*, 955 A.2d at 498 n.5.

The factual scenario presented in this case is not unique; this Court has previously confronted the question of whether a cable technician is a traveling employee. In an unreported opinion, *Comcast Corporation v. Workers' Compensation Appeal Board (Clark)* (Pa. Cmwlth., 1645 C.D. 2011, filed April 18, 2012), this Court affirmed a decision of the Board and WCJ, which determined that a cable technician was a traveling employee. In that case, Clark was employed as a cable technician, responsible for installing phone, cable and internet services at customers' homes. *Id.* at 1. He was given a company van which he was allowed to drive to and from work, but was prohibited from using for any non-work purpose. *Id.* He testified that he would report to his employer's office each day to pick up paperwork and equipment, spend the rest of the day traveling to various customer locations, and then return to his employer's office to drop off paperwork at the end of day. *Id.* at 7. One morning, Clark was injured in an automobile accident on his way to the office. *Id.* at 1-2. The WCJ and Board concluded that Clark "was a traveling employee with no fixed workplace who was injured in the course and scope of his employment." *Id.* at 7. This Court affirmed, reasoning that although "[Clark] usually reported to [his e]mployer's office, he was there for no more than fifteen minutes. He then spent his whole workday traveling

5

to install services or make repairs for [his e]mployer's customers. The fact that he initially stopped at [his e]mployer's office is not dispositive." *Id.* at 7-8.

The present case is factually indistinguishable from *Clark*, which we find persuasive. We therefore adopt the reasoning set forth in *Clark* and hold that Claimant was a traveling employee with no fixed place of work. *See also Southland Cable Co. v. Workmen's Comp. Appeal Bd. (Emmett)*, 598 A.2d 329, 332 (Pa. Cmwlth. 1991) (determining that employee, a cable installer, "more closely fits the category of 'traveling employee'"). Because Claimant had no fixed place of work, he was a traveling employee and, thus, exempt from the going and coming rule.[4] *Jamison*, 955 A.2d at 498 n.5.

As a traveling employee, Claimant was entitled to a presumption that he was working for Employer during the drive from his house to Employer's facility. *Id.* at 499. "To rebut this presumption, Employer had to establish that Claimant's actions at the time of the injury were so foreign to and removed from [his] usual employment that they constituted an abandonment of that employment." *Id.* Employer has not argued, and we find no evidence in the record to suggest, that anything about Claimant's drive the morning of his injury was so foreign and removed from his employment as to constitute an abandonment of his employment. Claimant's injury, therefore, which occurred while Claimant was on his way to Employer's facility, was sustained during the course and scope of his employment and is compensable under the Act.

---

[4] Because we conclude that Claimant was exempt from the going and coming rule under the second exception, we need not address Claimant's argument that the first and fourth exceptions also apply.

6

Accordingly, the order of the Board is reversed.

 

 

_____
P. KEVIN BROBSON, Judge

 

Judge Leadbetter concurs in the result only.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Dane R. Holler, : 
                Petitioner : 
                             : 
          v. :   No. 2209 C.D. 2013 
                             : 
Workers' Compensation Appeal Board : 
(Tri Wire Engineering Solutions, Inc.), : 
                Respondent : 

# **O R D E R**

AND NOW, this 22nd day of August, 2014, the order of the Workers' Compensation Appeal Board is hereby REVERSED.

_____
P. KEVIN BROBSON, Judge