IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ladelphia Best, : 
               Petitioner : 
               : 
       v. : No. 1578 C.D. 2019
               : Submitted: February 28, 2020
Workers' Compensation Appeal : 
Board (City of Philadelphia), : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: July 13, 2020

      Ladelphia P. Best (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied her claim petition filed against the City of Philadelphia (Employer). In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant was not acting in the course and scope of her employment at the time of her injury. Claimant asserts that the Board erred in holding that the injury she sustained just before entering Employer's vehicle was not work-related. We affirm the Board.

## Background

      For 15 years, Claimant worked for Employer as a waste recycling laborer, which involved empty recycling cans into the recycling truck. On August 28, 2017, she filed a claim petition pursuant to the Workers' Compensation Act (Act),[1] alleging that she sustained an injury to her left foot on June 8, 2017, while

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1–1041.4, 2501–2710.

she was "waiting for the [Employer] truck to pick [her] up to go to area 5[.]" Certified Record (C.R.), Item 2, at 2. Employer denied all allegations, and hearings were held before the WCJ. With the agreement of the parties, the WCJ bifurcated the proceeding to decide, first, whether Claimant was acting within the course and scope of her employment at all relevant times.

Claimant testified in person before the WCJ on November 9, 2017. She stated that she worked night shift from 10:00 p.m. to 6:00 a.m. At 9:30 p.m. each night, she and her co-workers would be picked up at a Wawa Market (Wawa) in an Employer vehicle to "go to the yard to start [their] job[s]." Notes of Testimony (N.T.), 11/9/2017, at 9; Reproduced Record at 24a (R.R. __). At the yard, Claimant would sign in and receive her assigned route, which was located in Center City. Claimant was paid for the hours of 10:00 p.m. to 6:00 a.m.

Claimant testified that on June 8, 2017, "a little before 9:30 [p.m.,]" she went into the Wawa "to get [] something to drink," while the other workers walked to the pick-up location. *Id.* at 19; R.R. 29a. After leaving the store, Claimant was walking through the Wawa parking lot when a car backed up over her left foot. On cross-examination, Claimant clarified that the pick-up location was across the street from the Wawa parking lot.

Claimant presented the deposition testimony of David Hall, a co-worker, who drove Employer's vehicle. Hall testified that for six years the pick-up location was across the street from the Wawa. Employees, including Claimant, took a bus to get to that pick-up location. Hall drove the employees to the work yard where they dispersed to their assigned trucks to work in "different parts of Center City." N.T., 3/19/2018, at 14; R.R. 49a. The workers did not have to go back to the yard at the end of their shift.

2

Employer presented the deposition testimony of Elizer Beauchamp, its crew supervisor. He testified that the workers would call the yard when they arrived at the bus station "at Wawas (sic)" and then be picked up across the street. *Id.* at 7; R.R. 58a. Employer's vehicle did not "normally go into the Wawas (sic). [It] usually make[s] a quick U-turn and wait[s] facing east towards the yard." *Id.* at 12; R.R. 63a.

On June 21, 2018, the WCJ denied the claim petition, concluding that Claimant was not acting within the course and scope of her employment at the time of her injury. Resolving "all essential issues of credibility and factual disputes in favor of Employer," WCJ Decision, 6/21/2018, at 4, Finding of Fact No. 6, R.R. 4a, the WCJ found that the place of Claimant's injury, *i.e.*, the Wawa parking lot, was not part of Employer's "premises" for purposes of Section 301(c)(1) of the Act, 77 P.S. §411(1). The pick-up location was across the street from the Wawa. The WCJ further found that Claimant was not a traveling employee because she had always been assigned to the same area within Center City, and she was not furthering Employer's business by stopping to get a drink at the Wawa store.

In her appeal to the Board, Claimant argued that the WCJ erred in finding that the Wawa's parking lot was not part of Employer's premises and that she was not a traveling employee. The Board affirmed the WCJ's decision. It explained that had Claimant been injured while being transported in the Employer vehicle, then her injury would have been compensable. Board Adjudication, 10/24/2019, at 8; R.R. 17a. Claimant now petitions this Court for review.

3

## Appeal

On appeal,[2] Claimant raises one issue, *i.e.*, that the Board erred in concluding that her injury did not occur in the course and scope of her employment. Claimant contends that her injury was compensable because Employer offered her transportation to and from work; she was a traveling employee furthering Employer's business at the time of her injury; and the site of injury was part of Employer's premises, citing *US Airways, Inc. v. Workers' Compensation Appeal Board (Bockelman)*, 221 A.3d 171 (Pa. 2019).

## Analysis

To be eligible for compensation, an injured employee must establish that her injury occurred in the course of employment and that it was related thereto. Section 301(c) of the Act, 77 P.S. §411.[3]  Whether an employee is injured in the course of employment is a question of law to be determined on the basis of the

---

[2] This Court's review of a workers' compensation adjudication determines whether an error of law or a constitutional violation was committed or whether the findings of fact are supported by substantial, competent evidence. *Myers v. Workers' Compensation Appeal Board (University of Pennsylvania and Alexsis, Inc.)*, 782 A.2d 1108, 1110 n.1 (Pa. Cmwlth. 2001).

[3] Section 301(c)(1) provides in pertinent part:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, except as provided under subsection (f), arising in the course of his employment and related thereto.… The term "injury arising in the course of his employment," as used in this article … shall include all [] injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. §411(1).

4

WCJ's findings of fact. *Markle v. Workers' Compensation Appeal Board (Bucknell University)*, 785 A.2d 151, 153 (Pa. Cmwlth. 2001).

An injury takes place in the course of employment if it occurs in either one of two distinct situations. First, an injury is compensable if it occurs while the claimant is furthering the business or affairs of her employer, whether the injury occurs on or off the employer's premises. *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635, 640 (Pa. Cmwlth. 2000). Second, if the claimant is not furthering the employer's business at the time of the injury, she is entitled to benefits if she is injured "on the employer's 'premises' at a reasonable time before or after the work period." *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.)*, 530 A.2d 545, 547 (Pa. Cmwlth. 1987). To be eligible for benefits in this situation, the claimant must prove that: (a) the premises were occupied or under the control of the employer, or where the employer's business or affairs are being carried on; (b) she was required by the nature of her employment to be present on the employer's premises; and (c) she sustained injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corporation*, 376 A.2d 271, 273 (Pa. Cmwlth. 1977).

Generally, under what is known as the "coming and going" rule, injuries sustained while an employee is traveling to or from her place of employment are not compensable because the employee is neither on the employer's premises nor engaged in the furtherance of the employer's affairs. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986). However, there are four exceptions to the coming and going rule.

5

An injury sustained during an employee's commute to or from work is compensable if any of the following apply:

> (1) the employment contract included transportation to and from work;
>
> (2) the employee has no fixed place of work;
>
> (3) the employee is on special assignment for the employer; or
>
> (4) special circumstances are such that the employee was furthering the business of the employer.

*Bensing v. Workers' Compensation Appeal Board (James D. Morrissey, Inc.)*, 830 A.2d 1075, 1078 (Pa. Cmwlth. 2003).

Claimant asserts that she meets the first exception to the coming and going rule because Employer picked her up at the Wawa and transported her to the work yard. Claimant argues that "whether the actual vehicle pulls into the [Wawa] parking lot or not is inconsequential" because she would not have been at the Wawa but for the instruction of Employer. Claimant Brief at 14. Employer counters that Claimant waived the transportation arrangement exception to the coming and going rule because she did not present that argument to the WCJ or the Board. Even so, Employer argues that the transportation arrangement exception is inapplicable because Claimant was injured before arriving at the pick-up location.

Issues are waived if not preserved at every stage of a proceeding. *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 734 (Pa. Cmwlth. 2003). However, whether Claimant is eligible for benefits under the transportation arrangement exception to the coming and going rule is an issue encompassed within the more general issue of whether she was acting within the scope of employment at the time of injury. *See Toal Associates*

6

*v. Workers' Compensation Appeal Board (Sternick)*, 814 A.2d 837, 841 n.3 (Pa. Cmwlth. 2003). Here, the Board held that Claimant was not entitled to compensation because she was not injured while being transported in Employer's vehicle, which is an issue subsidiary to the scope of employment issue and, thus, properly before this Court. *Id.* We reject Employer's waiver argument.

However, we conclude that Claimant did not satisfy the transportation arrangement exception to the coming and going rule. The injury occurred in the Wawa parking lot before she reached the pick-up location. Stated otherwise, the Wawa parking lot was outside of the transportation arrangement between the parties.

Claimant acknowledged that the pick-up location was across the street from the Wawa. However, she argues that she would not have been at the Wawa but for the existence of the transportation arrangement. A similar argument was presented in *Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board*, 437 A.2d 461 (Pa. Cmwlth. 1981). In that case, a claimant sustained a work-related injury, and his supervisor sent him to a nearby hospital for treatment. While leaving the hospital and heading home, the claimant was robbed at a bus stop and sustained new injuries. The referee awarded the claimant benefits for the new injuries as well as for those suffered at the job site, and the Board affirmed. The employer appealed, asserting that the injuries the claimant suffered at the bus stop were not work related. We agreed, rejecting the claimant's assertion that "but for" his employment, he would not have been at the bus stop.

We explained that the "but for" test is used to determine whether an injury was related to employment, not whether the claimant sustained the injury in the course of employment. *Id.* at 463; *see also* Section 301(c) of the Act, 77 P.S.

7

§411 (injured employee must establish that her injury occurred in the course of employment *and* that it was "related thereto"). We further explained, as follows:

> The "but for" language [in *Workmen's Compensation Appeal Board v. Borough of Plum*, 340 A.2d 637 (Pa. Cmwlth. 1975),[4]] was not intended for application to determinations of whether the employee's injury was sustained while he was actually engaged in the business or affairs of his employer and certainly not intended to provide that every injury sustained by a worker which would not have been sustained if he had not been employed, including injuries sustained while going to and from work, should be compensable.

*Pittsburgh Hyatt House*, 437 A.2d at 463.

Based on the precedent of *Pittsburgh Hyatt House*, we reject Claimant's argument that her injury is compensable under the first exception of the coming and going rule. Claimant was directed to meet at the pick-up location across the street from the Wawa, not in the Wawa parking lot, as the WCJ so found.

Claimant argues, alternatively, that she is eligible for benefits under the second exception to the coming and going rule. Claimant contends that she had no fixed place of work; her position as a laborer involved "going from trash can to trash can throughout Center City." Claimant Brief at 19. She asserts that her job is analogous to that of the claimant in *Holler v. Workers' Compensation Appeal Board*

---

[4] *Borough of Plum* involved an application of the exception to the coming and going rule for employees without fixed places of work. In that case, the deceased claimant was a truck driver who hauled asphalt between an asphalt plant and a job site in another town. He was shot to death by fleeing bank robbers while his truck was stopped at the side of the road. We held that the decedent was actually engaged in the furtherance of his employer's business at the time of his death and that his stop beside the road for his personal comfort was a minor deviation from the furtherance of his employer's business. We further held that the decedent's death was related to his employment and, thus, compensable under Section 301(c) of the Act, 77 P.S. §411. We stated that "[c]learly, *but for* hauling asphalt the decedent would not have been in a position to be shot." *Borough of Plum*, 340 A.2d at 640 (emphasis added).

*(Tri Wire Engineering Solutions, Inc.)*, 104 A.3d 68 (Pa. Cmwlth. 2014), a cable technician who this Court held was a traveling employee. Employer counters that Claimant worked "at the same fixed location," which was the recycling route within Center City. Employer Brief at 14. Claimant presented no contrary evidence.

When a traveling employee is injured after setting out on the employer's business, it is presumed that she is furthering the employer's business at the time of the injury. *Holler*, 104 A.3d at 72. This presumption is rebuttable by the employer. *Id.* "Whether a claimant is a traveling employee is determined on a case by case basis, and we consider 'whether the claimant's job duties involve travel, whether the claimant works on the employer's premises or whether the claimant has no fixed place of work.'" *Id.* at 71 (quoting *Beaver & Casey, Inc. v. Workmen's Compensation Appeal Board (Soliday)*, 661 A.2d 40, 42 (Pa. Cmwlth. 1995)). Further, "[t]he fact that an employer has a central office at which an employee sometimes works is not controlling." *Toal Associates*, 814 A.2d at 841. In determining whether a claimant is a traveling employee, "we must keep in mind that the [Act] is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 597 A.2d 1116, 1120 (Pa. Cmwlth. 1991). Thus, the course of employment is "necessarily broader" for traveling employees. *Holler*, 104 A.3d at 71.

In *Hohman v. George H. Soffel Co.*, 46 A.2d 475 (Pa. 1946), the claimant was employed as a plumber who worked at various places, as instructed by his employer. The claimant was struck by a vehicle one morning while en route to a job site. In affirming the award of compensation benefits, our Supreme Court found that the claimant's employment "required him to be at one place one day on

9

the employer's business and at a different place, perhaps miles distant, for like purpose on another or even a succeeding day." *Id.* at 476. The Supreme Court reasoned:

> The service of the employer's interest in the circumstances shown necessarily made of the claimant a "roving" or "itinerant" workman. The travel to and from his home and the place of his current work was not the ordinary travel of a workman between his home and his regular place of work. *The claimant's travel, for which he was reimbursed by his employer, was an essential part of the expeditious performance of his work in the furtherance of the employer's business, as was also his transportation of the supplies which were stored at his home for his use in his work. Under the established facts of this case, his home rather than his employer's shop was the usual starting and stopping place of his course of employment.* The claimant's status was analogous to that of a "travelling salesman" to whom compensation is payable for injuries suffered while going about in the actual furtherance of his employer's business.

*Id.* at 476-77 (internal citations omitted) (emphasis added).[5]

Likewise, in *Holler*, this Court held that a cable technician was a traveling employee. The claimant was responsible for installing cable and network services for his employer's customers. He began each workday by reporting to the employer's facility, where he received his assignments for the day and picked up his equipment. He then traveled and worked at various customer locations. The claimant was given a company van which he used to drive to and from work. The claimant was injured in an automobile accident one morning while en route to the employer's facility.

---

[5] The *Hohman* court did not expressly mention the "no fixed place of work" exception; rather, the rationale concerned whether the injury occurred while the employee was in the furtherance of the employer's business.

10

Although the claimant had to report to the employer's facility, he stayed there briefly, and he then spent his whole workday traveling to install services or make repairs for his employer's customers. "The fact that he initially stopped at [his e]mployer's office is not dispositive." *Holler*, 104 A.3d at 72 (citing *Comcast Corporation v. Workers' Compensation Appeal Board (Clark)* (Pa. Cmwlth., No. 1645 C.D. 2011, filed April 18, 2012), slip op. at 7-8). As a traveling employee, the claimant was entitled to a presumption that he was working for the employer during the drive from his house to the employer's facility, and the employer failed to rebut this presumption. We held that the claimant was injured during the course and scope of his employment and remanded the matter for further proceedings.

*Hohman* and *Holler* are distinguishable. Unlike the plumber in *Hohman* or the cable technician in *Holler*, who traveled to and from their homes and the job sites as their employers directed, here Claimant worked a fixed route that started and ended within Center City. Claimant presented no evidence that her home was "the usual starting and stopping place of [her] course of employment." *Hohman*, 46 A.2d at 477. Claimant was not paid during the time of her commute. Employer did not transport Claimant to the work yard from her home.

In sum, the record established that Claimant had a fixed place of work, and her travel to and from her home and the job site was not an essential part of the performance of her job in furtherance of Employer's business. Accordingly, we hold that she was not a traveling employee.

Finally, Claimant contends that the Wawa parking lot constituted Employer's "premises" within the meaning of Section 301(c)(1) of the Act, 77 P.S. §411(1). Claimant Brief at 24. Claimant argues that the Board erred by distinguishing the subject case from *Bockelman*, 221 A.3d 171. In that case, an

11

airline employee was injured while riding an airport shuttle bus to an employee parking lot after her shift ended. The employer did not own the shuttle bus or the parking lot. The Board granted the claimant workers' compensation benefits, and this Court affirmed. On further appeal, the employer argued that the employee was injured on the shuttle bus, which was not its "premises" for purposes of Section 301(c)(1) of the Act. The Supreme Court rejected this argument. It reasoned that an employer's premises under Section 301(c)(1) of the Act is not limited to property that the employer legally owns or physically controls. It concluded that the airport parking lot was integral to the employer's business operations because the employee parked her vehicle there and the shuttle service, which the employee used to enter the workplace, operated there. As such, the Supreme Court held that the employee was injured on the employer's "premises" within the meaning of Section 301(c)(1) of the Act.

Claimant argues that the Wawa parking lot is similar to the shuttle bus in *Bockelman* because, although not owned or controlled by Employer, it was "the means by which [she] reported to work." Claimant Brief at 24. However, the WCJ found that Employer's pick-up location was across the street from the Wawa parking lot, and Claimant does not dispute this finding. Claimant did not park her vehicle in the parking lot, and she did not have to walk through the parking lot to reach the pick-up location. Rather, Claimant, along with her co-workers, took a bus to the pick-up location. N.T., 3/19/2018, at 12, R.R. 47a (Hall Deposition); N.T., 3/19/2018 at 7, R.R. 58a (Beauchamp Deposition). Claimant presented no evidence that the parking lot had any relation to the operation of Employer's business and, thus, we affirm the Board's holding that Claimant did not sustain an injury on Employer's premises for purposes of Section 301(c)(1) of the Act.

12

## Conclusion

Claimant was not acting in the course of her employment at the time of her injury. Claimant did not establish that she was exempt from the coming and going rule. She was not injured on Employer's premises within the meaning of Section 301(c)(1) of the Act. Accordingly, we affirm the Board's order.

_____

MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ladelphia Best,      :
      Petitioner :
         :
   v.       :  No. 1578 C.D. 2019
         :
Workers' Compensation Appeal :
Board (City of Philadelphia),  :
      Respondent :

# **O R D E R**

AND NOW, this 13th day of July, 2020, the order of the Workers' Compensation Appeal Board dated October 24, 2019, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge