**[J-88-2024] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| KRISTINA STEETS, (DECEASED), | : | No. 3 MAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 512 CD |
| | : | 2022 entered on May 8, 2023, |
| v. | : | Affirming the Order of the Workers' |
| | : | Compensation Appeal Board at No. |
| | : | A21-0974 entered on April 26, 2022. |
| CELEBRATION FIREWORKS, INC. | : | |
| (WORKERS' COMPENSATION APPEAL | : | ARGUED:  November 19, 2024 |
| BOARD), | : | |
| | : | |
| Appellee | : | |

**DISSENTING OPINION**

**JUSTICE BROBSON**                                   **DECIDED:  May 30, 2025**

I agree with Justice Wecht and join his dissenting opinion in full.  The Majority's new interpretation and application of Section 410 of the Workers' Compensation Act (WCA),[1] 77 P.S. § 751, requires employers to pay compensation to an injured worker's estate that was not due to the injured worker during the injured worker's lifetime.  This result ignores key statutory language in Section 410 of the WCA, which limits any amount payable under that provision to only that compensation "due . . . claimant to the date of death."

Here, it is undisputed that, following her injury and up to her date of death, Kristina Steets (Steets) had been receiving total disability compensation benefits on account of traumatic work-related injuries that she sustained while in the employ of Celebration Fireworks, Inc. (Employer).  While true that the parties had an ongoing dispute over

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Steets' entitlement to specific loss benefits under the WCA for the loss of the use of both of her arms as a result of the same workplace incident, the Workers' Compensation Appeal Board (Board) finally adjudicated that dispute in Steets' favor on October 8, 2020, while Steets was still alive.[2] The only matter pending relative to Steets' claim for specific loss benefits was Employer's appeal to the Commonwealth Court from the Board's final adjudication. Tragically, Steets passed away before the Commonwealth Court decided that appeal, affirming the Board's final adjudication in Steets' favor. *Id.*

Steets never received, nor was she entitled to receive, specific loss benefits during her lifetime, because she was receiving total disability compensation benefits during this time. *See* Section 306(d) of the WCA, 77 P.S. § 513 (providing period for payment for permanent injuries—*i.e.*, specific loss benefits—shall not begin until end of period for temporary total disability resulting from other separate injuries). The pending appeal in *Steets I* did not result in any delay or supersedeas of specific loss benefits due to Steets during her lifetime. Employer had no obligation to pay those benefits to Steets while she was alive.

This case, therefore, does not present a situation where an employer incurred a liability to a claimant under the WCA during a claimant's lifetime that went unpaid due to pending litigation. If that were the case, Section 410 of the WCA ensures that the employer's obligation to the claimant survives the claimant's death, and any amount owed to the claimant "to the date of death" is paid, first to the claimant's dependents and then, if none, to the claimant's estate. In other words, the death of the claimant does not extinguish the employer's pre-death debt to the claimant under the WCA.

Take, for example, the situation in *Holler v. Workers' Compensation Appeal Board (Tri Wire Engineering Solutions, Inc.)*, 104 A.3d 68 (Pa. Cmwlth. 2014). In that case, the

---

[2] *See Kemps v. Steets (Workers' Comp. Appeal Bd.)*, 257 A.3d 1271 (Pa. Cmwlth. 2021) (*Steets I*).

claimant filed a claim petition seeking benefits under the WCA for a single-vehicle accident. Both the workers' compensation judge and the Board denied the claim petition. The claimant appealed to the Commonwealth Court, which reversed, concluding that the claimant's injury was compensable under the WCA. The work-related injury occurred on August 13, 2010. The Commonwealth Court, however, did not issue a decision in the claimant's favor until October 17, 2014. In the interim, the claimant did not receive any benefits under the WCA for his work-related injury while his entitlement to those benefits were in dispute. If the claimant in *Holler* had died *before* the Commonwealth Court's decision, Section 410 of the WCA ensures that the benefits that the employer should have paid him while he was alive would go to his dependents and, if not, his estate: "In case any claimant shall die before the final adjudication of his claim, the amount of compensation *due such claimant to the date of death* shall be paid to the dependents entitled to compensation, or, if there be no dependents, then to the estate of the decedent." 77 P.S. § 751 (emphasis added).

In this case, by contrast, the Commonwealth Court's decision in *Steets I* did not adjudicate any unpaid pre-death debt owed by Employer to Steets. At most, *Steets I* preserved Steets' entitlement to specific loss benefits if/when her entitlement to total disability benefits ceased. As Steets received total disability benefits up to her date of death, specific loss benefits were not "due" or owed to her "to the date of death." Employer satisfied its obligation under the WCA to Steets during her lifetime. There was no unpaid amount due Steets "to the date of death" that the WCA required Employer to pay to Steets' estate. For these reasons, and the reasons set forth by Justice Wecht in

his dissenting opinion, Section 410 does not apply in this situation.[3] I would, therefore, affirm the Commonwealth Court's decision below.

For these reasons, I respectfully dissent.

---

[3] Furthermore, the Majority relies on our decision in *City of Scranton v. Workers' Compensation Appeal Board (Rideski)*, 638 A.2d 944 (Pa. 1994), for the proposition that "a period of temporary total disability ends with the death of the injured worker for purposes of Section 306(d)" of the WCA, 77 P.S. § 513. (Majority Op. at 28.) Section 306(d) pertains to specific loss claims for permanent injuries. (*See id.*) In *City of Scranton*, this Court accepted review to determine whether the claimant's surviving spouse was entitled to receive specific loss payments awarded to the claimant prior to his death but not payable until his total disability ceased and whether his death operated as a termination of his total disability. The surviving widow's claim for specific loss benefits was based on Section 306(g) of the WCA, 77 P.S. § 541, relating to "[p]ayments to survivors in event of death from cause other than injury," which addresses when an employee dies "*from some other cause than the injury*;" it provides for payment to certain dependents and, if none, a deceased employee's estate. 77 P.S. § 541 (emphasis added). Section 306(g) of the WCA does not apply here, where Steets died *from her work injury*. Instead, Steets' death is compensable through a fatal claim petition under Section 307 of the WCA, 77 P.S. § 561, pertaining to "[p]ersons entitled to compensation on death of employe; amounts," which provides only for payments to dependents and the undertaker and not to the deceased employee's estate. *See* 77 P.S. § 561.